UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

E.Z. and B.Z., individually and on behalf of Y.Z.,

    *Plaintiff*,

- against -

New York City Department of Education

    *Defendant*.

_____

COMPLAINT

Case No. 1:20-cv-03256

E.Z. and B.Z., individually and on behalf of Y.Z., a child with a disability, for their complaint hereby allege:

    1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

    2. At all times relevant to this action, Plaintiffs E.Z. and B.Z., and their daughter Y.Z. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

    3. Plaintiffs E.Z. and B.Z. are the parents of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

    4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated June 5, 2019, Plaintiffs E.Z. and B.Z., requested a due process hearing on behalf of Y.Z. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiffs E.Z. and B.Z. sought a determination that the Department had denied their daughter a free appropriate public education, an order for compensatory educational services, and such other relief as the impartial hearing officer would determine to be fair and just.

9. Impartial Hearing Officer ("IHO") Rona Feinberg was assigned to the case.

10. An impartial hearing was conducted on July 8, July 29, and September 12, 2019.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated November 27, 2019.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2018-2019 school year and ordered the Department to reimburse the parents for 57.4% of the total tuition.

13. Neither party appealed the decision of the IHO.  Thus, the decision is final.

14. Plaintiffs are a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiffs repeat and reallege paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiffs have submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiffs have attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiffs hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus, Plaintiffs demand prejudgment interest.

**SECOND CAUSE OF ACTION**

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as if more fully set forth herein.

22. Plaintiffs hereby demand reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1)  Assume jurisdiction over this action;

(2)  Award to the Plaintiffs costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3)  Award to Plaintiffs the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4)  Grant such other and further relief as the Court deems just and proper.

Dated: April 24, 2020
      New York, New York

Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com